East. St. Louis Connecting Railway Company

v.

Wabash, St. Louis & Pacific Railway Company.

*Carriers of Cars—Extent of Liability—Delivery to Consignee—Loss—Declaration—Sufficiency of—Evidence,* Prima Facie, *of Existence of Consolidated Corporation.*

1.  Everything is negligence in a carrier that the law does not excuse. A general allegation of negligence is, therefore, sufficient to sustain a recovery.

2.  A copy of the articles of consolidation between two or more corporations duly certified under the seal of the Secretary of State, is *prima facie* evidence of the existence of the consolidated corporation.

3.  Where a common carrier of cars receives loaded cars to be delivered to the consignee and returned when unloaded, its liability as a common carrier continues until their safe return.

[Opinion filed October 5, 1887.]

Appeal from the City Court of East St. Louis; the Hon. B. H. Canby, Judge, presiding.

Mr. Charles W. Thomas, for appellant.

The declaration alleges that the cars were delivered to appellant to be conveyed by it, as a common carrier, to the Glucose Works, "and after the said cars should be unloaded" to be safely returned by it to appellee, and that appellant undertook and promised to safely convey the cars over its road to said Glucose Works, "and after the same should be unloaded," to safely return them to appellee.

The declaration fails to show in what manner the appellant carelessly and negligently conducted itself with respect to the cars. It makes no definite charge of any particular neglect or default of appellant which in any manner contributed to the loss of appellee's property. A general charge in an action on the case for negligence, that the defendant, intending to injure plaintiff, so carelessly and negligently conducted himself with regard to plaintiff's property that it was wholly lost to plaint-

iff, would scarcely be considered good pleading under the decisions of our courts. C., B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; McGanahan v. E. St. L. & C. R'y Co., 72 Ill. 557.

In the case at bar the defendant can only be held liable for doing just what plaintiff told it to do. In the case in 109 Ill. the defendant was held liable because, instead of returning the cars after the consignee re-delivered them to it for that purpose, it used them without plaintiff's knowledge, and lost them while so using them. It was because the defendant assumed the responsibility of using the cars instead of returning them that it was held liable.

Nor is the position tenable that appellant can, under the circumstances, be held as an insurer. This liability only attaches while the carrier has charge and custody of the consigned goods in its capacity of common carrier. There is no such liability where the goods have reached their destination and are stored by the carrier for the consignee, although they may still be in the custody of the carrier.

In the case of Missouri Pacific R. R. Co. v. Chicago, etc., R. R., 23 Am. & Eng. R. R. Cases, 718, it was held that where a railroad company receives loaded cars from another road for transportation it is liable as a common carrier in case they are destroyed *en route* by fire. If destroyed by fire after delivery to the consignee, or after they have been tendered to him, the company is not liable if not in fault.

Mr. G. B. BURNETT, for appellee.

The charge is that through appellant's fault the cars were destroyed, and it is immaterial, so far as the liability of appellant is concerned, whether they were destroyed before or after they were unloaded; being destroyed, appellant could not perform its contract to return them; and being destroyed through its fault, it is liable, whether the cars were loaded or unloaded at the time of their destruction. This is the theory of the declaration, and it rests upon familiar principles.

The proof shows that appellant's business was to take loaded cars from the different roads, convey them to the place where they were to be unloaded, and, when unloaded, to return the

empty cars to the road from which it received them.   It is also shown that such was the usage and custom between appellant and appellee, and between appellant and the other roads terminating at East St. Louis.   This being so, under the rule announced in P. & P. U. R'y Co. v. C., R. I. & P. R'y Co., 109 Ill. 135, appellant was a common carrier of the two cars in question, and could only excuse itself for the non-return of them by showing that it was prevented by the act of God or the public enemy.

WILKIN, J.   Action on the case, the declaration averring that defendant below was a common carrier by its railroad from and to the termini of certain other railroads in East St. Louis.   That plaintiff, on December 16, 1883, at its special instance and request, caused to be delivered to the defendant as such carrier two flat cars loaded with coal of the value of $300 each, to be taken care of and safely carried by defendant as such carrier to the East St. Louis Glucose Works in said city, and after the said cars should be unloaded to safely return the same to the plaintiff, and in consideration thereof and of a certain reward to the defendant in that behalf to be paid, the defendant undertook and promised plaintiff to take care of said cars and safely and securely convey the same over its said railroad to said Glucose Works, and after the same should be unloaded to safely return and deliver the same to the plaintiff. It is then averred that it did not take care of said cars or safely and securely convey the same to and from said Glucose Works nor safely and securely deliver the same to the plaintiff, but on the contrary, so carelessly and negligently behaved and conducted itself with respect to said cars that they were wholly lost to plaintiff, to its damage $600.   The case was tried before the court without a jury, on a plea of the general issue and *nul tiel corporation*, the issues found for the plaintiff below, and judgment was rendered in its favor for $600, and the defendant appealed.

There was a motion below in arrest of judgment on the ground that the declaration was so fatally defective as to be insufficient to support a judgment.   The first ground of objec-

tion to the declaration is that it is shown by its averments that the cars were only to be returned to plaintiff after they were unloaded, and that there is no allegation that they were unloaded, and therefore no breach of duty is shown. This objection goes to the merits of the case and will be considered hereafter.

A second objection is that it fails to show in what manner the defendant carelessly and negligently conducted itself with respect to the cars, and makes no definite charge of any particular neglect of duty or default, contributing to the loss of the property. The action being against appellant as a common carrier, assumpsit or case could be adopted by the pleader as best suited his purposes. Hutchinson on Carriers, Sec. 740.

Everything being negligence in a carrier that the law does not excuse, it is unnecessary to allege the particular character or degree of negligence upon which the plaintiff relies for his recovery, but the allegation of negligence generally is sufficient. *Ib.*, Sec. 34.

It is again urged that on the issue made by the plea of *nul tiel corporation*, the proof failed to show the legal existence of appellee.

On the trial plaintiff introduced in evidence a copy of " The articles of consolidation between the Wabash Railway Company and the St. Louis, Kansas City and Northern Railway Company, forming the Wabash, St. Louis & Pacific Railway Company," which is duly certified under the seal of the Secretary of State.

This, by Sec. 40, Chap. 14, R. S., is made *prima facie* evidence of the existence of the consolidated corporation. It was not, therefore, necessary to prove the legal existence of the companies entering into the articles of consolidation by evidence other than that of the certificate of the Secretary of State to the articles of consolidation. *Prima facie* proof of the corporate existence of the Wabash, St. Louis & Pacific Railway Company was made, and there being no proof to the contrary, that issue was properly found for the appellee.

The remaining question involved in the record is one going to the merits of the case, and forms the principal contention

between the parties, namely, on the facts, can the appellant be held liable as a common carrier. This contention is not one of fact but of law.

Parties do not differ as to these substantial facts. Appellant was a common carrier of loaded cars between the termini of the several railroads coming into East St. Louis, and such elevators, mills and factories as were connected by rail with appellant's track. The East St. Louis Glucose Works were connected with its track in such manner that all consignments of loaded cars made to it were delivered by appellant upon a switch running north and south, from which they were placed on a turn-table, where it received them from the turn-table and ran them into its own yards, and after they were unloaded returned them to the same turn-table, from which they were taken by appellant and re-delivered to the company from which they had been received.

On the 16th of December, 1883, appellee delivered two cars loaded with coal to appellant to deliver to these Glucose Works, the cars belonging to appellee, the coal to a consignee for whom appellee had transported it to East St. Louis. Appellant delivered them in the usual way to the Glucose Works and it took them, as was customary, and placed them on its switch in its yard. That night, before the cars were unloaded, standing on said switch, they were destroyed by fire. Under this state of the case appellant insists that, it appearing that the cars were only to be returned after they were unloaded, and being at the time of destruction in the possession of the Glucose Works by consent of appellant and not re-delivered, nor even in a condition to be re-delivered to it, by reason of still being unloaded, it can not be held liable. Appellee on the contrary, relying upon the authority of P. & P. U. R'y Co. v. C. R. I. & P. R'y Co., 109 Ill. 135, maintains that upon the delivery of the cars by it to appellant the latter became liable as a common carrier, not only while transporting them to the Glucose Works but also for their safe return; that such liability continued until so returned, notwithstanding the agreement of the parties that they were to be delivered to a third party to unload and only then to be returned. Unless something shall be

found in this record to distinguish the case in principle from the one above cited, it must control our decision. It is certainly clearly decided in that case that a railroad company like that of appellee engaged in a like business, receiving from other railroads, cars loaded with freight to be transferred by it to a place directed by such other company, there to be unloaded, and afterward returned, is, as to such car, a common carrier, and in that capacity liable to the owner.

In that case the transfer company took a car belonging to the C., R. I. & P. R'y Co., loaded with freight, to the Monarch Mills or distillery to be there unloaded.

After the freight was discharged at the distillery the transfer company again took it and left it at the Peoria Sugar Refinery, on an order from it, to be there re-loaded, then switched to the transfer track for shipment by the owner of the car. While at the refinery it was burned, and the transfer company held liable for its value to the owners as a common carrier. It is insisted by appellant that the case is clearly distinguishable from this in the fact that there the car was taken to the Sugar Refinery without the consent of the owner. It is true no such express consent was given, and it would seem from one expression used by the learned Judge who delivered the opinion that some stress was laid upon that fact, yet it is clear when the whole opinion is considered that the liability is placed upon the ground that the defendant, by its undertaking to take and return, became a common carrier as to the car. In other words, that decision holds the defendant liable, not as a wrongdoer in taking the car to an unauthorized place, or for negligently performing its duty in relation to the car, but because its undertaking to return it was such that nothing but the act of God or the public enemy could avail it as an excuse. It is ably argued by counsel for appellant that it is unreasonable to hold a party liable for the loss or destruction of property in no way under his control or management, but in the possession of another by consent of the owner. If, however, he contracts with the owner, or assumes the liability of an insurer, knowing that for a time the property will be in the possession and under the control of a third party,

he can not complain.   Many cases of seeming hardship upon common carriers may be suggested.   The hardship, however, must, and does usually result from the parties contracting either in ignorance of, or without reference to their strict liability.   Whether it is wiser to hold a transfer company under the state of facts here presented as a common carrier than as mere bailees, is a question with which we are neither at liberty, nor disposed to deal, the Supreme Court having settled that express question in the case referred to.

Nor is there any substantial ground for the position that the facts of this case should withdraw it from the binding force of that in any view of the law.

As before stated, it is true that there the car was taken to the Sugar Refinery without the express consent of its owner and there burned, but it does appear from the facts stated by Judge Scott in his opinion, that there was a common understanding among the companies at that place that if other shippers desired cars, defendant (viz., the transfer company), without specific orders, was at liberty to place them at their place of business to be loaded and when loaded to be returned to the owner to be shipped, and he adds that "at all events it appears cars were so handled and the companies concerned seem to have acquiesced in that mode of doing business."   Therefore, by the custom and mode of doing business the car mentioned in the principal case was at the refinery by the consent of the owner as much as the two here sued for were at the Glucose Works by consent of their owner,   Parson on Contracts, Vol. 2, Sec. 9, p. 535.

Enough has been said to indicate the view that appellant's liability does not depend upon the unloading of the cars and their re-delivery to it by the Glucose Works, and therefore the declaration is not subject to the first objection made to it.

Considering the whole case in the light of P. & P. U. R'y Co. v. C., R. I. & P. R'y Co., *supra*, we are satisfied with the judgment of the City Court and affirm it.

*Judgment affirmed.*